IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SHELL OIL COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | No. 04-1240C |
| | ) | (Chief Judge Damich) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S UNOPPOSED MOTION TO STAY

Pursuant to RCFC 1, defendant respectfully requests that this case be stayed pending a decision from the United States Court of Appeals for the Federal Circuit in Tesoro Hawaii Corporation and Hermes Consolidated, Inc. v. United States, No. 04-5064 (Fed. Cir.). Plaintiff's counsel has informed us that plaintiff will not oppose.

This is one of approximately 25 cases now pending before this Court that concern the legality of pricing clauses in Defense Department jet fuel contracts. The appellate case arises out of two such cases, Tesoro Hawaii v. United States, No. 02-704C, and Hermes Consolidated, Inc. v. U.S., No. 02-1460C. In these cases, the Court decided questions central to the resolution of this case: whether the clause at issue is legal; and whether, if so, such a claim is susceptible to the defense of waiver. By interlocutory appeal, these issues now are before the appellate court. Briefing (including that by three *amici*) is now complete, and the parties are awaiting the scheduling of oral argument.

RCFC 1 requires that this Court's rules be "construed and administered for the just, speedy, and inexpensive determination of every action." Given that controlling questions in this case will be

addressed by the appellate court, the parties here would be forced to proceed without settled law to guide their overall strategy, their discovery, or their advocacy in general, and would be faced with the prospect of redoing much of what they had done, once the appellate court issues its decision. The Court too would be hampered by the lack of settled law, and would be unable to decide, with authority, questions of virtually any consequence to the parties. In short, proceeding at this point would be contrary to the requirements of RCFC 1.

For these reasons, defendant respectfully requests that the case be stayed. Should the Court disagree, defendant respectfully requests an enlargement of time of ten days from the issuance of the Court's decision, within which to respond to the complaint.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Senior Trial Counsel
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, 8th Floor
Washington, D.C. 20530
Tele: (202) 616-2311
Fax: (202) 353-7988

Attorneys for Defendant

OF COUNSEL:

BERNARD A. DUVAL
Counsel

HOWARD M. KAUFER
Assistant Counsel
Office of General Counsel
Defense Energy Support Center
Ft. Belvoir, VA

September 27, 2004

CERTIFICATE OF FILING

I hereby certify that on September 27, 2004, a copy of the foregoing "DEFENDANT'S UNOPPOSED MOTION TO STAY" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Steven J. Gillingham