THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| SHELL OIL COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | ) | Case No. 04-1240C<br>Chief Judge Damich |

JOINT STATUS REPORT

Pursuant to the Order issued by this Court on September 20, 2005, Plaintiff, Shell Oil Company ("Plaintiff" or "Shell") and Defendant, the United States ("United States" or the "Government"), respectfully submit the following Joint Status Report proposing how each party intends to proceed in this case. The parties set forth their respective positions separately below.

I. Shell's Position

On October 1, 2004, this Court issued a stay in this case pending the resolution of an appeal to the United States Court of Appeals for the Federal Circuit in the similarly situated case, *Tesoro Hawaii Corp. v. United States*, 405 F.3d 1339, *petition for reh'g en banc denied*, No. 04-5064 (Fed. Cir. Aug. 22, 2005). This Court also stayed proceedings in the similarly situated case, *Sunoco, Inc. and Puerto Rico Sun Oil Co. v. United States*, No. 02-466C, and in several other cases then pending before the court.

On April 26, 2005, the Federal Circuit issued a ruling in the *Tesoro* case, reversing the Court of Federal Claims, and holding that the Defense Energy Support Center ("DESC") was authorized under the Federal Acquisition Regulation to use the Petroleum Marketing Monthly ("PMM") based EPA clause. 405 F.3d at 1349. A petition for rehearing *en banc* was

subsequently denied on August 22, 2005. Accordingly, this Court issued an Order on September 20, 2005, lifting the stay that had been previously granted in this case.

Shell intends to file a Motion to Stay with this Court in the near future. Shell decided to file this motion after learning that the plaintiffs in the *Sunoco* case indicated that they had obtained additional evidence during initial discovery which establishes that "DESC set military fuel knowing that its prices did not reflect at least fair market value and were not fair and reasonable." (Tab 1, Sunoco Status Report at 4.) This evidence includes (1) a DESC assessment that PMM was "as much as one or two cents per gallon out of step" with market references; (2) a DESC study which concluded that PMM "did not ensure that the prices DESC paid its suppliers for military fuel reflected at least fair market value"; (3) a DESC admission "that its use of PMM had distorted military fuel prices materially"; and (4) "a DOE report [which] admits that PMM differed by as much as nineteen percent from comparable prices published by the Bureau of Labor Statistics." (*Id.*)

As a result of this new evidence, the *Sunoco* plaintiffs indicated in a recently filed status report that they intend to file an Amended Complaint incorporating this new evidence into the existing seven counts against the Government. (*Id.* at 2.) Shell has also been informed that all of the plaintiffs in *Tesoro* case intend to amend their complaints, as well.

The Government has indicated that it has no objection to Shell's motion to stay. However, in the event that the Court decides not to grant the motion, Shell intends to file an amended complaint, incorporating the new evidence described above and to conduct discovery as follows.

A. The Discovery Schedule

Shell proposes that discovery be conducted as follows:

1. Discovery shall begin immediately. The requirements for disclosure in Rule 26(a), the limitations on the number of depositions in Rule 30(a)(2)(A), and the limitations on the number of interrogatories in Rule 33(a) would not apply.

2. After one year of discovery, the parties shall exchange expert witness reports. Three months shall be allowed for expert witness depositions and associated discovery.

3. Within three months of completion of expert witness depositions, the parties shall submit any responsive expert witness reports. To the extent requested by either party, depositions concerning responsive expert witness reports shall be completed within three months.

II. Defendant's Position

The United States does not intend to oppose the motion to stay filed by Shell on October 4, 2005. In the event that the Court decides not to grant the motion to stay, the Government proposes to file a dispositive motion upon the grounds that the Federal Circuit's decision in the *Tesoro* case is fatal to Shell's claims. In addition, with or without any evidence that the *Sunoco* plaintiffs are alleged to have discovered, at bottom, the complaint in *this* case asserts that DESC failed to pay "fair market value." Yet, Shell has never defined that term nor presented any legal basis for Shell to be paid that or any amount other than the price that Shell was paid. Those prices Shell accepted for years, without complaint, during all of its contracts at issue. As this Court held in Hermes v. United States, 58 Fed. Cl. 409 (2003), that also presents a ground for

waiver.

III. Shell's Response

Shell will oppose the Government's proposed dispositive motion. The Federal Circuit's decision in the *Tesoro* case is not determinative of whether DESC's prices were legal if it knew that its indices were not "market based" and nonetheless used them. In addition, this Court still has jurisdiction to review DESC's knowing and false certification of price reasonableness under FAR § 15.802(b) and its illegal auction.

Finally, Shell did not waive any of its claims by virtue of the fact that it did not file a bid protest prior entering into the contract and particularly where its claims involve misrepresentation or mistake of the underlying facts. *Labarge Products v. West*, 46 F.3d 1547, 1552-53 (Fed. Cir. 1995); *Beta Systems, Inc. v. United States*, 838 F.2d 1179 (Fed. Cir. 1988).

Respectfully submitted,

s/ Michael Charness
Michael R. Charness
The Willard Office Building
1445 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
202-639-6780

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Steven J. Gillingham
STEVEN J. GILLINGHAM
Senior Trial Counsel
KYLE CHADWICK
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, 8th Floor
Washington, D.C. 20530
Tele: (202) 616-2311
Fax: (202) 353-7988

Attorneys for Defendant

OF COUNSEL:

BERNARD A. DUVAL
Counsel

HOWARD M. KAUFER
Assistant Counsel
Office of General Counsel
Defense Energy Support Center
Ft. Belvoir, VA

October 11, 2005

CERTIFICATE OF FILING

I hereby certify that on October 11, 2005, a copy of the foregoing "JOINT STATUS REPORT," was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven J. Gillingham